UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOSHUA J. JACKSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) CAUSE NO. 3:16-cv-393-RLM-MGG |
| v. | ) |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

OPINION AND ORDER

Joshua J. Jackson, a prisoner without a lawyer, filed a habeas corpus petition challenging the prison disciplinary hearing in which a disciplinary hearing officer found him guilty of possession of intoxicants in violation of Indiana Department of Correction policy B-231. Mr. Jackson was sanctioned with the loss of 90 days earned credit time and was demoted from Credit Class 1 to Credit Class 2. Mr. Jackson's petition identifies two grounds for relief.

In Ground One, Mr. Jackson argues that the hearing officer violated his due process rights when the hearing officer denied his request to have the confiscated substance tested. Mr. Jackson didn't have a due process right to have the substance tested. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Though prisoners have a right to submit relevant exculpatory evidence, they do not have the right to create evidence which does not already exist because "[p]rison officials must

have the necessary discretion to keep the hearing within reasonable limits." Id.; See also Freitas v. Auger, 837 F.2d 806, 812 n.13 (8th Cir. 1988) ("Freitas was not entitled to a polygraph examination . . .."); Rhatigan v. Ward, 187 Fed. Appx. 889, 890-891 (10th Cir. 2006); Arthur v. Ayers, 43 Fed. Appx. 56, 57 (9th Cir. 2002) (inmates not entitled to laboratory testing of substances). Thus, Ground One is not a basis for habeas corpus relief.

In Ground Two, Mr. Jackson argues that correctional officials destroyed physical evidence (the confiscated substance) before his hearing. He argues that, at the hearing, he asked to see the physical evidence and was told that it had been disposed of. Mr. Jackson didn't ask to review the physical evidence until he was at his disciplinary hearing, so his request was untimely. *Cf.* Miller v. Duckworth, 963 F.2d 1002, 1005 fn. 2 (7th Cir. 1992) (prisoners "certainly cannot wait until the day of the hearing" to make a witness request); Portee v. Vannatta, 105 F. App'x 855, 857 (7th Cir. 2004) ("Although inmates have a constitutional right to call witnesses at disciplinary hearings…this right is limited and requests that inmates make the day of the hearing are not timely").

Even if Mr. Jackson had made a timely request, it would have been reasonable for prison officials to deny it. While inmates have a right to present evidence in their defense, *see* Wolff v. McDonnell, 418 U.S. at 566, prison officials are afforded considerable (though not absolute) deference in their decisions to limit this right based on the needs of the facility. Id.; See e.g. Harris v.

2

Superintendent, No. 3:13-CV-588 PS, 2014 WL 3818255, at *1 (N.D. Ind. July 31, 2014) (destruction of evidence in a disciplinary case was not a due process violation). The physical evidence against Mr. Jackson was "one bag of an orange/tan liquid of unknown substance" that "smells of rotten fruit." A photograph of the evidence was taken. The Department of Correction's decision not to preserve the bag of liquid for presentation at the disciplinary hearing was well within the discretion afforded to them by Wolff. Prisons routinely confiscate inmate property on the basis that the property poses a threat to the safety of the inmate or the facility. A fair reading of Wolff requires a finding that prisons aren't required to stockpile contraband for presentation at disciplinary hearings.

Mr. Jackson also raised a number of claims for the first time in his traverse. Because these claims weren't identified as a ground for relief in his petition, as Section 2254 Habeas Corpus Rule 2(c)(1) requires, they aren't properly before the court. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 2(C)(1) ("the petition must: (1) specify all grounds for relief available to the petitioner"); Minniefield v. Lemmon, 333 F. App'x 131, 132 (7th Cir. 2009). Nevertheless, even if the arguments had been properly raised in his petition, they would not have succeeded.

First, Mr. Jackson claims that the hearing officer was biased, but he doesn't provide any factual allegations to support this conclusion. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and

3

integrity," and "the constitutional standard for improper bias is high." Piggie v. Cotton, 342 F.3d 660, 666 (7th Cir. 2003). In the absence of any evidence that the hearing officer was biased, this is not a claim for habeas corpus relief.

Second, Mr. Jackson argues that the hearing officer failed to exclude evidence pursuant to the Federal Rules of Evidence. Prison disciplinary hearings are not actions in a court of law, and the Federal Rules of Evidence don't apply. *See* Walker v. O'Brien, 216 F.3d 626, 637 (7th Cir. 2000); Jackson v. Carlson, 707 F.2d 943, 948 (7th Cir. 1983) (upholding a disciplinary finding of guilt where "the Institution Discipline Committee had direct evidence from a staff source, albeit presented in the form of hearsay").

Mr. Jackson also claims in his traverse that the hearing officer didn't have sufficient evidence to find him guilty because there was not "proof beyond a reasonable doubt" to support each element of the charge. "Proof beyond a reasonable doubt" isn't the evidentiary standard in a prison disciplinary case. In the disciplinary context, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Superintendent v. Hill, 472 U.S. 445, 455-456 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." McPherson v. McBride, 188 F.3d 784, 786

4

(7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

The hearing officer had sufficient evidence to find Mr. Jackson guilty of possession of intoxicants. Department of Correction policy B-231 prohibits inmates from, "[m]aking or possessing intoxicants, or being under the influence of any intoxicating substance (e.g., alcohol, inhalants)." Adult Disciplinary Process. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. The Conduct Report charged Mr. Jackson as follows:

> [o]n December 20, 2015 at approximately 2:30 A.M. Officer C. Clark and I, Officer R. Kidwell, conducted a search of cell H-247/248. While searching through a Styrofoam cooler belonging to Offender Jackson, Joshua DOC# 108933 HHU-248, one bag containing an orange/tan liquid of an unknown substance that smelled of alcohol was found. Offender Jackson was identified by his state issued ID card.

Another officer submitted a witness statement reporting, "[a]t approximately 0230hrs on 12/20/2015, I, Officer C. Clark, witnessed Officer Kidwell retrieve a clear bag of an orange/tan liquid of unknown substance. The bag was found in a Styrofoam cooler in HHU #247/248. The cooler had the offender's name Jackson

5

(Jackson, Joshua DOC#108933 H248) written on it." While a conduct report alone can be sufficient evidence to support a finding of guilt, McPherson v. McBride, 188 F.3d at 786, the hearing officer also had a corroborating statement from Officer Crawford and a photograph of the confiscated substance. The hearing officer found Mr. Jackson guilty of violating B-231 based on the conduct report's statement that the substance smelled like alcohol and the photograph of the evidence. While Mr. Jackson argues that circumstantial evidence alone is insufficient to support a guilty finding, he is mistaken. See Brenneman v. Knight, 297 F. App'x 534, 536 (7th Cir. 2008) (finding prisoner guilty based on circumstantial evidence). The hearing officer had sufficient evidence to find Jackson guilty of violating Department of Correction policy.

For the reasons set forth above, the petition (ECF 1) is DENIED. The clerk shall enter judgment accordingly.

SO ORDERED.

ENTERED: July 20, 2017.        /s/ Robert L. Miller, Jr.
                               Judge
                               United States District Court